

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00824-CV

**IN THE INTEREST OF A.C.P.T.**, a Child

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-PA-00127
Honorable Charles E. Montemayor, Judge Presiding

Opinion by: Rebeca C. Martinez, Justice

Sitting: Rebeca C. Martinez, Justice
Beth Watkins, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: April 29, 2020

AFFIRMED

I.M. ("Mother") appeals from a judgment terminating her parental rights to her child A.C.P.T.[1]  In a single issue, Mother argues the evidence is legally and factually insufficient to support the trial court's finding that termination is in the child's best interest.  *See* TEX. FAM. CODE ANN. § 161.001(b)(2).  We affirm.

## BACKGROUND

On January 23, 2019, the Texas Department of Family and Protective Services (the "Department") filed a petition to terminate the parental rights of Mother and A.C.P.T.'s father ("Father").  The next day, the Department removed A.C.P.T. from her parents' care.  On October

---

[1] To protect the identity of the minor child in this appeal, we refer to appellant and her child by their initials.  *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

31, 2019, the trial court held a bench trial. At that time, A.C.P.T. was three years old. The Department's caseworker, Glory Bishop, was the only witness to testify; Mother and Father were not present. At the conclusion of trial, the trial court ordered the termination of Mother's and Father's parental rights, finding as to each parent three statutory grounds for termination[2] and that termination was in A.C.P.T.'s best interest. *See* TEX. FAM. CODE ANN. § 161.001(b). Only Mother appeals. In a single issue, she challenges whether the trial court's best-interest finding is supported by legally and factually sufficient evidence.

### STANDARD OF REVIEW

A parent-child relationship may be terminated pursuant to Texas Family Code section 161.001(b) only if the trial court finds by clear and convincing evidence one of the predicate grounds enumerated in subsection (b)(1) and that termination is in a child's best interest. *Id.* Clear and convincing evidence requires "proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Id.* § 101.007. On appeal, we review the legal and factual sufficiency of the evidence under the standards of review established by the Texas Supreme Court in *In re J.F.C.*, 96 S.W.3d 256, 266–67 (Tex. 2002). Under these standards, "[t]he trial court is the sole judge of the weight and credibility of the evidence, including the testimony of the Department's witnesses." *In re F.M.*, No. 04-16-00516-CV, 2017 WL 393610, at *4 (Tex. App.—San Antonio Jan. 30, 2017, no pet.) (mem. op.) (first

---

[2] The trial court found Mother and Father

> constructively abandoned the child[;] . . . failed to comply with the provisions of a court order[;] . . . [and] used a controlled substance . . . in a manner that endangered the health or safety of the children, and (1) failed to complete a court-ordered substance abuse treatment program[,] or (2) after completion of a court-ordered substance abuse treatment program continued to abuse a controlled substance . . . [.]

*See* TEX. FAM. CODE ANN. § 161.001(b)(1) (N), (O), (P).

citing *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (per curiam); then citing *City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005)).

### BEST INTEREST

There is a strong presumption that keeping a child with a parent is in the child's best interest. *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006) (per curiam). However, it is equally presumed that "the prompt and permanent placement of the child in a safe environment is . . . in the child's best interest." TEX. FAM. CODE ANN. § 263.307(a). In determining the best interest of a child, we apply the factors set forth in section 263.307(b) of the Family Code as well as the nonexclusive factors enumerated in *Holley v. Adams*, 544 S.W.2d 367, 372 (Tex. 1976).

The *Holley* factors include: (1) the child's desires; (2) the child's present and future emotional and physical needs; (3) any present or future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist the individuals seeking custody to promote the child's best interest; (6) the plans for the child by the individuals or agency seeking custody; (7) the stability of the home or proposed placement; (8) the parent's acts or omissions which may indicate that the existing parent-child relationship is improper; and (9) any excuse for the parent's acts or omissions. *See id*. at 371–72; *accord In re E.C.R.*, 402 S.W.3d 239, 249 n.9 (Tex. 2013). The Department is not required to prove each factor, and the absence of evidence regarding some of the factors does not preclude a factfinder from reasonably forming a strong conviction that termination is in a child's best interest, particularly if the evidence is undisputed that the parent-child relationship endangered the safety of the child. *See In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). The focus of our review is whether the evidence, as a whole, is sufficient for the trial court to have formed a strong conviction or belief that termination of the parent-child relationship is in the best interest of the child. *Id.*

Here, Mother argues there was no evidence regarding any of the *Holley* factors to support termination. We disagree.

The first *Holley* factor concerns the desires of A.C.P.T. Nothing in the record directly indicates the child's desires, and the indirect evidence cuts both ways. When a child is unable to express her desires, a factfinder may consider whether she has bonded with the foster family, is well cared for by them, and has spent minimal time with the parent. *In re M.C.L.*, No. 04-17-00408-CV, 2017 WL 5759376, at *3 (Tex. App.—San Antonio Nov. 29, 2017, no pet.) (mem. op.). Bishop testified that A.C.P.T. has a bond with her placement family and that her foster parents have met her physical and emotional needs. Bishop also testified that Mother attended only eighteen of thirty-six hour-long scheduled visits with A.C.P.T. after removal. Of the eighteen visits, Mother was forty-five minutes late on six to eight occasions. Nevertheless, according to Bishop, there was a bond between Mother and A.C.P.T.

The second *Holley* factor concerns A.C.P.T.'s current and future physical and emotional needs. "The needier the child, the more able the parent must be." *In re E.R.*, 555 S.W.3d 796, 809 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *see also* TEX. FAM. CODE ANN. § 263.307(b)(1) (providing that a child's age and physical and mental vulnerabilities are relevant to a best-interest determination); *id*. § 263.307(b)(6) (providing that psychiatric, psychological, and developmental evaluations of a child are relevant to a best-interest determination). According to Bishop, A.C.P.T. has mental and physical needs that will continue into the future. Bishop testified that A.C.P.T. throws tantrums, hits other children, and does not share. To address these behavioral issues, the Department enrolled A.C.P.T. in play therapy and daycare. Bishop also testified that the Department enrolled A.C.P.T. in speech therapy to address her communication difficulties.

The third *Holley* factor concerns the emotional and physical danger to the child now and in the future. Bishop testified that Mother admitted to heroin and methamphetamine use in the

past but denied recent use. The trial court ordered Mother to comply with a service plan, which included random drug tests. Bishop requested that Mother submit to drug tests on multiple occasions; however, each time Mother failed to comply. According to Bishop, Mother shaved her head after a request that she submit to a hair-follicle drug test. From this evidence, the trial court reasonably could infer that Mother continued to use illegal drugs during the course of the case. *See In re A.M.L.*, No. 04-19-00422-CV, 2019 WL 6719028, at *4 (Tex. App.—San Antonio Dec. 11, 2019, pet. denied) (mem. op.) (explaining a trial court could infer a parent's drug abuse from the parent's failure to submit to drug testing). Mother also does not contest the finding under predicate ground (P) that she used a controlled substance. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(P); *In re C.H.*, 89 S.W.3d at 28 (holding the same evidence may be probative of both section 161.001(b)(1) grounds and best interest). Mother's illicit drug use, by its nature, endangered A.C.P.T.'s well-being. *See In re K.J.G.*, No. 04-19-00102-CV, 2019 WL 3937278, at *5 (Tex. App.—San Antonio Aug. 21, 2019, pet. denied) (mem. op.).

Bishop also testified the Department removed A.C.P.T. due to Mother's neglectful supervision. According to Bishop, the Department removed A.C.P.T. from her parents' home after finding A.C.P.T. in the care of Father, who was under the influence of drugs. At the time, A.C.P.T. was not clean and not fed. Bishop testified that the home was "covered with feces" and structurally unsafe. *See In re C.F.N.*, No. 04-15-00458-CV, 2015 WL 6507516, at *3 (Tex. App.—San Antonio Oct. 28, 2015, no pet.) (mem. op.) (relying on evidence that the mother "lived in filthy, deplorable conditions with her daughter" in affirming the trial court's finding that termination was in the daughter's best interest). Bishop testified that Mother was not home at the time of A.C.P.T.'s removal and that Mother had the responsibility, at the time, to babysit a six-year-old, who was found wandering the streets alone. This evidence of neglect weighs in favor of termination. *See In re R.P. Jr.*, No. 04-17-00124-CV, 2017 WL 2791284, at *7 (Tex. App.—San Antonio June 28,

2017, pet. denied) (explaining that the Department's concerns about physical and emotional well-being remained unaddressed based on evidence that showed the children remained unsupervised, continually moved from one living location to another, and did not have their nutritional needs met by their parents and that such evidence supported the trial court's best-interest finding).

The fourth *Holley* factor concerns the parental abilities of Mother. This factor relates to the remaining *Holley* factors, which concern the programs available to assist Mother, the plans for the child, the stability of the proposed placement, and Mother's acts or omissions that may indicate that the existing parent-child relationship is improper as well as any excuses for such acts or omissions.

In addition to evidence of neglect and drug abuse described above, further evidence demonstrates Mother's poor parenting ability, which remained unaddressed. A.C.P.T. suffered from dehydration and had "many" cavities when she came into the Department's care. Bishop testified that she advised Mother that A.C.P.T. needed to drink more water and limit her consumption of candy. Nevertheless, according to Bishop, Mother continued to bring soda and candy to parent-child visits even after she had been advised of their deleterious effect. *See In re E.R.*, 555 S.W.3d at 809 (upholding a best-interest finding based on evidence that a mother was incapable of taking care of her child because she did not know how to change her child's feeding tube and was unwilling to learn).

Mother's court-ordered family service plan required her to participate in domestic violence classes, parenting classes, individual therapy, and an outpatient drug treatment program. Bishop testified that Mother did not complete any of these services. According to Bishop, Mother stated that she did not complete a drug treatment program because the program conflicted with a scheduled surgery; however, Mother provided no excuse for her failure to attend the program after it was rescheduled. "A fact finder may infer from a parent's failure to take the initiative to

complete the services required to regain possession of h[er] child that [s]he does not have the ability to motivate h[er]self to seek out available resources needed now or in the future." *In re J.M.T.*, 519 S.W.3d 258, 270 (Tex. App.—Houston [1st Dist.] 2017, pet. denied); *see also* TEX. FAM. CODE ANN. § 263.307(b)(10), (11) (providing courts may consider willingness and ability of the child's family to seek out, accept, and complete counseling services and willingness and ability of the child's family to effect positive environmental and personal changes within a reasonable period of time).

In addition, Bishop testified that A.C.P.T. was removed from her first placement because Mother "threatened to shoot up the—or have somebody shoot up the placement[.]" According to Bishop, Mother physically assaulted and injured a family member at the placement. *See* TEX. FAM. CODE ANN. § 263.307(b)(12)(E) (listing, among other adequate parenting skills, providing a child with "protection from repeated exposure to violence even though the violence may not be directed at the child").

At the time of trial, Mother lived with A.C.P.T.'s maternal grandmother and was unemployed. A.C.P.T. lived with foster parents, who did not intend to adopt A.C.P.T. The Department's long-term plan for A.C.P.T. was unrelated adoption. *See In re C.H.*, 89 S.W.3d at 28 (holding termination may be in a child's best interest "even if the agency is unable to identify with precision the child's future home environment").

Viewing all of the evidence in the light most favorable to the best-interest finding and applying the *Holley* factors, we conclude that the trial court could have formed a firm belief or conviction that termination of Mother's parental rights was in A.C.P.T.'s best interest. *See In re J.F.C.*, 96 S.W.3d at 266. We further conclude that any disputed evidence, viewed in the light of the entire record, could have been reconciled in favor of the trial court's best-interest finding or was not so significant that the trial court could not reasonably have formed a firm belief or

conviction that termination was in A.C.P.T.'s best interest. *See id.* Therefore, we hold the evidence is legally and factually sufficient to support the trial court's best-interest finding. *See* TEX. FAM. CODE ANN. § 161.001(b)(2).

**CONCLUSION**

We affirm the trial court's order.

Rebeca C. Martinez, Justice